UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **HENRY HAYNES** | * | **CIVIL ACTION NO.  10-00145** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **HILL BROTHERS CONSTRUCTION COMPANY, INC., ET AL.** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, are motions to dismiss filed by defendants Clyde Stamey ("Stamey"), Hill Brothers Construction Company, Inc. ("Hill Brothers"), and Xcavator, Inc. ("Xcavator").  Docs. # 13, 18, 47.  Defendant Mississippi Farm Bureau Casualty Insurance Company ("MFBCIC") joined Stamey's motion to dismiss.  Doc. # 28.  For reasons stated below, it is recommended that the motions to dismiss be **GRANTED.**

BACKGROUND

On December 16, 2009, plaintiff filed suit in state court against Hill Brothers, Excavator's, Inc., Clyde Stamey, and MFBCIC, the insurance carrier for Stamey.  Doc. # 1, Ex. 3.  Plaintiff subsequently amended his complaint to substitute Xcavator for Excavator's, Inc. Doc. # 22.  Plaintiff essentially alleged that he sustained injuries in a single vehicle accident as a result of the defendants' negligence.

In his complaint, plaintiff specifically alleged that on March 5, 2009, he "reported to the work site of the defendants . . . to pick up his paycheck."  *Id.* at ¶ 1.  As a result of an "error" that defendants "had caused" in plaintiff's paycheck, Stamey "told the plaintiff to go and catch the person who had the plaintiff's paycheck."  *Id.* at ¶¶ 1-2.  Stamey offered his truck to plaintiff to

help plaintiff retrieve his paycheck. *Id.* at ¶ 2. While following the "instruction of the defendant, Stamey," plaintiff "los[t] control of the vehicle and sustained personal injur[ies.]" *Id.* Plaintiff alleged that his injuries were "caused by the joint and concurring fault and negligence of the defendants . . . ." *Id.* at ¶ 3.

On February 3, 2010, Hill Brothers removed this matter to federal court on the basis of diversity jurisdiction. Doc. # 1. Stamey, Hill Brothers, and Xcavator all subsequently filed motions to dismiss. Docs. # 13, 18, 47. Each defendant contended that plaintiff failed to state a claim upon which relief can be granted. In addition, Hill Brothers argued that plaintiff's claim against Hill Brothers was barred by the Louisiana Workers' Compensation Act's exclusive remedy provision, LA. REV. STAT. ANN. § 23:1032. Doc. # 18.

On April 9, 2010, plaintiff filed a memorandum in opposition to the motions to dismiss filed by Stamey and Hill Brothers. Doc. # 35. On June 22, 2010, plaintiff incorporated this memorandum in his opposition to Xcavator's motion to dismiss and also requested leave to amend his complaint in the event that the court granted defendants' motions to dismiss. Doc. # 53. In the memorandum, plaintiff disputed the merits of the defendants' motions, and also argued that this court should abstain from exercising subject matter jurisdiction over the case and remand it to state court. However, plaintiff's memorandum did not include any factual allegations which would bolster the validity of his claims, and plaintiff has not filed a proposed amended complaint in response to the defendants' motions to dismiss.

## LAW AND ANALYSIS

### I. Failure to State a Claim

#### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512. Thus, a negligence complaint such as this one need not "parse the negligence allegation into separate elements," *G.E. Capital Corp. V. Posey*, 415 F.3d 391, 396 (5th Cir. 2005), so long as it enables "an inference to be drawn that these elements exist." *Walker v. South Central Bell*, 904 F.2d 275, 277 (5th Cir. 1990). Accordingly, a court should assume the veracity of a complaint's factual allegations, and then determine whether "they plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

#### B. Negligence

Louisiana courts use a duty/risk analysis to analyze negligence claims such as plaintiff's. In order for a defendant to be liable for the tort of negligence, the plaintiff must prove each of the following five elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform its conduct to the appropriate standard; (3) the defendant's substandard conduct was the cause-in-fact of the Plaintiff's injuries; (4) the

defendant's substandard conduct was a legal cause of the Plaintiff's injuries; and (5) actual damages. *Mathieu v. Imperial Toy Corp.*, 646 So. 2d 318, 322 (La. 1994).

The fourth element of the duty/risk analysis pertains to "whether the particular risk which occurred is within the scope of the protection extended by the imposition of the duty." *Younger v. Marshall Indus., Inc.*, 618 So. 2d 866, 873 (La. 1993). Put another way, the proper inquiry for an analysis of legal cause is to ask "how easily the risk to plaintiff can be associated with the duty sought to be enforced." *Roberts v. Benoit*, 605 So. 2d 1032, 1045 (La. 1991). In addition, an analysis of legal cause is "ultimately a question of policy as to whether the particular risk falls within the scope of the duty." *Edwards v. State*, 556 So. 2d 655, 648-49 (La. Ct. App. 1990).

**C. Claim against Hill Brothers**

In his complaint, plaintiff alleges that Hill Brothers, along with the other defendants, "caused the mixup in the plaintiff's paycheck which, in term [sic] caused the plaintiff to pursue the individual [who had the plaintiff's paycheck] in such manner as to catch the individual to get his payroll check, all at the instruction of the defendant, Stamey." Petition at ¶ 4. Plaintiff does not allege that Stamey was an employee of Hill Brothers, nor does plaintiff refute Hill Brothers' contention that Stamey has never been an employee of Hill Brothers. *See* Doc. # 18 at 3. Accordingly, plaintiff's negligence claim against Hill Brothers essentially contends that its role in the "mixup" of plaintiff's paycheck renders it liable for the injuries plaintiff ultimately sustained when he lost control of Stamey's truck.

Plaintiff's complaint does not "plausibly give rise to an entitlement of relief" against Hill Brothers in tort because the complaint demonstrates that plaintiff will not be able to prove that Hill Brothers was the legal cause of his injuries. If Hill Brothers was indeed responsible for

4

distributing plaintiff's paycheck, then it would have had a duty to distribute plaintiff's paycheck as a reasonable person would under similar circumstances. *See Breeden v. Valencia, Inc.*, 557 So. 2d 302, 306 (La. Ct. App. 1990); *see also* LA. CIV. CODE ANN. art. 2316. The risks that are associated with Hill Brothers' duty would probably include a mix-up of payees' paychecks, but would clearly not include a vehicular accident. *See Benoit*, 605 So. 2d at 1045. Accordingly, plaintiff's complaint does not state a claim upon which relief can be granted against Hill Brothers.[1]

### D. Claim against Xcavators

Plaintiff's claim against Xcavator is identical to his claim against Hill Brothers. Plaintiff essentially contends that Xcavator's role in the "mixup" of plaintiff's paycheck renders it liable for the injuries plaintiff ultimately sustained when he lost control of Stamey's truck. Plaintiff does not allege that Stamey was an employee of Xcavator.

Accordingly, for the same reason that plaintiff fails to state a claim upon which relief can be granted against Hill Brothers, he fails to state a claim upon which relief can be granted against Xcavator.

### E. Claim against Stamey

---

[1] Hill Brothers also seeks to dismiss plaintiff's claim on the basis that it is barred by the Louisiana Workers' Compensation Act's exclusive remedy provision, LA. REV. STAT. ANN. § 23:1032. This court need not reach this argument in light of its finding that plaintiff does not state a negligence claim against Hill Brothers. Nevertheless, the undersigned observes that Hill Brothers has not provided the court with any evidence which clearly demonstrates that it is entitled to tort immunity under § 1032. *See Mundy v. Dept. of Health & Human Res.,* 593 So.2d 346, 349 (La. 1992) ("When the employer seeks to avail itself of tort immunity under § 1032, the employer has the burden of proving entitlement to immunity."). However, assuming that he was an employee of Hill Brothers, plaintiff clearly has not stated a cause of action that would fall outside the exclusivity provisions of Louisiana's Workers' Compensation Act.

Plaintiff's negligence claim against Stamey also contends that he is liable for causing the "mixup in plaintiff's paycheck," but includes the additional allegation that Stamey is liable for offering his truck to plaintiff so that plaintiff could "go and catch the person who had the plaintiff's paycheck." Petition at ¶¶ 2, 4. Plaintiff's claim against Stamey for causing the mix-up in paychecks fails for the same reason that plaintiff's claims against Hill Brothers and Xcavator fail. Accordingly, this court will only consider plaintiff's claim against Stamey to the extent that it alleges Stamey was negligent for instructing plaintiff to use Stamey's truck to retrieve plaintiff's paycheck.

Plaintiff's complaint does not specify the duty that was owed to him by Stamey. Assuming Stamey owed plaintiff a duty, it would be a duty to instruct the plaintiff as a reasonable person would under similar circumstances. *See Breeden v. Valencia, Inc.*, 557 So. 2d 302, 306 (La. Ct. App. 1990); *see also* LA. CIV. CODE ANN. art. 2316. Plaintiff's complaint fails to state a claim upon which relief can be granted against Stamey because it does not give rise to an inference that Stamey breached this alleged duty. For example, plaintiff does not allege that Stamey instructed the plaintiff to drive recklessly or unsafely so as to catch up to the person who had taken plaintiff's paycheck, or that Stamey knew or should have known that the route that plaintiff would be required to take was especially treacherous. Plaintiff merely states, "[t]he defendant, Stamey, told the plaintiff to use the defendant, Stamey's, pickup truck to catch the person who had the plaintiff's paycheck." Petition at ¶ 2. This allegation simply does not give rise to an inference that Stamey was negligent in entrusting his vehicle to plaintiff, that he negligently instructed plaintiff, or that the vehicle itself was unsafe or that Stamey was aware or should have been aware of some defect in the vehicle which in any way contributed to the

accident. Accordingly, dismissal of plaintiff's claim against Stamey is warranted.

### F. Claim against MFBCIC

Stamey's insurance carrier, MFBCIC, joined his motion to dismiss. Doc. # 28. Typically, a liability insurance carrier is subject to liability only when its insured is legally obligated to pay damages. *See McGinnis v. Waste Mgmt. of La., L.L.C.*, 914 So. 2d 612, 617 (La. Ct. App. 2005). Thus, the dismissal of plaintiff's claim against Stamey forecloses the liability of MFBCIC as well.

## II. Abstention/Remand

In plaintiff's memorandum in response to defendants' motions to dismiss, plaintiff argues that this court should abstain from exercising subject matter jurisdiction and remand the case to state court. Plaintiff contends that the case "started as a worker's compensation case and is still evolving." Doc. # 35 at 5. Accordingly, remand would be "consistent with Congress's policy of prohibiting removal of worker's compensation claims . . . ." *Id.*

Plaintiff's argument is unavailing. Under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." However, under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Furthermore, the removal of a case that arises under a state's workers' compensation act qualifies as a procedural, rather than a jurisdictional, defect and is therefore waived if the plaintiff files an untimely motion for remand. *Williams v. AC Spark Plugs Div. Of General Motors Corp.*, 985 F.2d 783, 786-88 (5th Cir. 1993); *Cook v. Shell Chemical Co.*, 730 F. Supp. 1381, 1382 (M.D. La. 1990). Accordingly, even if plaintiff's claims arise under the Louisiana Workers' Compensation

Act (an issue which this court need not address), plaintiff has waived any right he may have had to remand the case pursuant to 28 U.S.C. § 1445(c) because more than two months have passed since the case was removed. To the extent that plaintiff has an ongoing workers' compensation claim in workers compensation court, this ruling should not affect that action.

## CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to dismiss filed by defendant Clyde Stamey (doc. # 13) and joined by defendant Mississippi Farm Bureau Casualty Insurance Company (doc. # 28) be **GRANTED** for failure to state a claim upon which relief can be granted, **DISMISSING with prejudice** plaintiff's claims against Clyde Stamey and Mississippi Farm Bureau Casualty Insurance Company.

**IT IS FURTHER RECOMMENDED** that the motion to dismiss filed by defendant Hill Brothers Construction Company, Inc. (doc. # 18) be **GRANTED** for failure to state a claim upon which relief can be granted, **DISMISSING with prejudice** plaintiff's tort claims against Hill Brothers Construction Company, Inc, but reserving plaintiff's right to pursue his pending action against Hill Brothers pursuant to the Louisiana Workers' Compensation Act.

**IT IS FURTHER RECOMMENDED** that the motion to dismiss filed by defendant Xcavator, Inc. (doc. # 47) be **GRANTED** for failure to state a claim upon which relief can be granted, **DISMISSING with prejudice** plaintiff's tort claims against Xcavator, Inc.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within

**fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of June, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE