RECEIVED
IN MONROE, LA
AUG 02 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| HENRY HAYNES | CIVIL ACTION NO. 10-00145 |
| VERSUS | JUDGE ROBERT G. JAMES |
| HILL BROTHERS CONSTRUCTION COMPANY, INC., ET AL. | MAG. JUDGE KAREN HAYES |

RULING

Pending before the Court are motions to dismiss filed by Defendants Clyde Stamey ("Stamey") [Doc. No. 13], Hill Brothers Construction Company, Inc. [Doc. No. 18], and Xcavator, Inc. ("Xcavator") [Doc. No. 47]. On June 23, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 54] recommending that the motions be granted and Plaintiff Henry Haynes' claims under state negligence law be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Magistrate Judge also recommended that Plaintiff's right to pursue his pending action against Hill Brothers pursuant to the Louisiana Workers' Compensation Act, LA. REV. STAT. §§ 23:1021-1415, be reserved.

On July 12, 2010, Plaintiff filed an Objection [Doc. No. 55] to the Report and Recommendation. Plaintiff argues that the Magistrate Judge erred in finding that Plaintiff's petition failed to state a claim upon which relief can be granted and that, even if Plaintiff's claims arise under the Louisiana Workers' Compensation Act, Plaintiff waived its right to remand the case to state court pursuant to 28 U.S.C. § 1445(c).

Having fully considered the record in this matter, the Court finds the Magistrate Judge's analysis to be correct and ADOPTS the Report and Recommendation with one exception.

On page seven and eight of the Report and Recommendation, the Magistrate Judge states:

> In Plaintiff's memorandum in response to defendants' motions to dismiss, plaintiff argues that this court should abstain from exercising subject matter jurisdiction and remand the case to state court. Plaintiff contends that the case 'started as a worker's compensation case and is still evolving.' Doc. # 35 at 5. Accordingly, remand would be 'consistent with Congress's policy of prohibiting removal of worker's compensation claims . . . ." *Id.*
>
> Plaintiff's argument is unavailing. Under 28 U.S.C. § 1445(c), '[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." However, under 28 U.S.C. § 1447(c), '[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).' Furthermore, the removal of a case that arises under a state's workers' compensation act qualifies as a procedural, rather than a jurisdictional, defect and is therefore waived if the plaintiff files an untimely motion for remand. *Williams v. AC Spark Plugs Div. of General Motors Corp.*, 985 F.2d 783, 786-88 (5th Cir. 1993); *Cook v. Shell Chemical Co.*, 730 F.Supp. 1381, 1382 (M.D. La. 1990). Accordingly, even if plaintiff's claims arise under the Louisiana Workers' Compensation Act (an issue which this court need not address), plaintiff has waived any right he may have had to remand the case pursuant to 28 U.S.C. § 1445(c) because more than two months have passed since the case was removed. To the extent that plaintiff has an ongoing workers' compensation claim in workers compensation court, this ruling should not affect that action.

[Doc. No. 54].

The Court DECLINES TO ADOPT this portion of the Report and Recommendation. Contrary to Plaintiff's assertion, **this** case did not start as a workers' compensation claim, and the Court need not address §1447(c). Plaintiff has stated no other grounds for the Court to abstain or remand.

For the foregoing reasons and the reasons set forth in the Report and Recommendation, to the extent adopted by the Court, Defendants' motions to dismiss [Doc. Nos. 13, 18, & 47] are

GRANTED, and this case is DISMISSED WITH PREJUDICE. Plaintiff's right to pursue his pending action against Hill Brothers pursuant to the Louisiana Workers' Compensation Act is reserved.

MONROE, LOUISIANA, this 2 day of August, 2010.

*Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE